IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DANIEL AUSTIN,                              §
                                           §
    Plaintiff                           §
                                           §
v.                                         §
                                           §    CASE NO. 5:25-CV-1929-JKP-RBF
BAJRAMI GROUP, INC. a Delaware             §
corporation,                               §
                                           §
    Defendant.                          §

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

BAJRAMI GROUP, INC., Defendant, files this Answer to the claims, allegations, and causes

of action asserted by DANIEL AUSTIN, Plaintiff, stating:

1.      Defendant denies Plaintiff's allegations in paragraph 1.

2.      Defendant denies paragraph 2

3.      Defendant denies paragraph 3.

4.      Defendant denies Plaintiff's allegations in paragraph 4, that Plaintiff is entitled "to

recover his funds, together with damages caused by Defendant's conduct."

5.      Defendant admits paragraph 5.

6.      Defendant admits that it is a Delaware corporation but denies that its principal place

of business is in New York.

7.      Defendant admits paragraph 7 in part. Defendants denies that it is a New York citizen.

8.      Defendant admits paragraph 8 in part. Defendant denies that it "purposefully directed

activities toward Texas."

9.      Defendant admits that venue is properly in this Court pursuant to 28 U.S.C. §1391 (b)(2). Defendant denies the remainder of paragraph 9.

10.     Defendant admits that Plaintiff enrolled in Defendant's online program and that the enrollment fee was approximately $15,000.00. Defendant denies the remainder of paragraph 10.

11.     Defendant denys paragraph 11

12.     Defendant denies paragraph 12.

13.     Defendant denies paragraph 13, in part. Defendant was not aware of "Plaintiff's medical treatment and vulnerability". Defendant lacks sufficient information to admit or deny that Plaintiff was undergoing serious medical treatment.

14.     Defendant denies paragraph 14.

15.     Defendant denies paragraph 15.

16.     Defendant denies paragraph 16.

17.     Presuming that Plaintiff is referring to the documents entitled "Investment Agreement" attached to Plaintiff's Complaint as Exhibit "A", Defendant neither admits nor denies paragraph 17. The document speaks for itself.

18.     Presuming that Plaintiff is referring to the documents entitled "Investment Agreement" attached to Plaintiff's Complaint as Exhibit "A", Defendant neither admits nor denies paragraph 18. The document speaks for itself.

19.     Presuming that Plaintiff is referring to the documents entitled "Investment Agreement" attached to Plaintiff's Complaint as Exhibit "A", Defendant neither admits nor denies paragraph 19. The document speaks for itself.

20. Presuming that Plaintiff is referring to the documents entitled "Investment Agreement" attached to Plaintiff's Complaint as Exhibit "A", Defendant neither admits nor denies paragraph 20. The document speaks for itself.

21. Presuming that Plaintiff is referring to the documents entitled "Investment Agreement" attached to Plaintiff's Complaint as Exhibit "A", Defendant neither admits nor denies paragraph 21. The documents speaks for itself. Defendant admits that there were no documents attached to Exhibit "A" to Plaintiff's Complaint.

22. Defendant denies that Plaintiff's funds were paid "[i]n reliance on Defendant's representations." Otherwise, Plaintiff admits to paragraph 22.

23. Defendant admits to paragraph 23.

24. Defendant denies paragraph 24.

25. Defendant denies that it was required to provide Plaintiff with any of the documents Plaintiff has listed in paragraph 25.

26. To the extent that Plaintiff is asserting that he was entitled to have a "real estate transaction or development" occur "for Plaintiff's benefit", Defendant denies paragraph 26.

27. Defendant denies paragraph 27.

28. Defendant denies paragraph 28.

29. Defendant denies paragraph 29.

30. Defendant admits paragraph 30. Defendant denies that it was required to produce any of the documents that Plaintiff listed in paragraph 30.

31. Defendant denies paragraph 31.

32. Defenant denies paragraph 32.

33.     Defendant denies paragraph 33.

34.     Defendant admits paragraph 34. Defendant denies that it was required to produce any of the documents that Plaintiff listed in paragraph 34.

35.     Defendant lacks sufficient knowledge of "Plaintiff's subsequent investigation" to either admit or deny paragraph 35.

36.     Defendant admits that Plaintiff traveled to Albania. Defendant denies the remainder of paragraph 36.

37.     Defendant lacks sufficient knowledge to know whether Plaintiff "traveled to Tirana at his own expense.

38.     Defendant denies paragraph 38.

39.     Defendant denies paragraph 39.

40.     Defendant denies paragraphs 40.

41.     Defendant denies paragraph 41.

42.     Defendant denies paragraph 42.

43.     Defendant denies paragraph 43.

44.     Defendant denies that there were any deadlines by which payment was required as Plaintiff asserts in paragraph 44.

45.     Defendant denies paragraph 45.

46.     Defendant denies paragraph 46.

47.     Defendant denies paragraph 47.

48.     Defendant denies paragraph 45.

49.     Defendant denies paragraph 49.

50.    Defendant denies paragraph 50.

51.    Defendant denies paragraph 51.

52.    Defendant denies paragraph 52.

53.    Defendant denies paragraph 53.

54.    Defendant denies paragraph 54.

55.    Defendant denies paragraph 55.

56.    Defendant admits to paragraphs 56.

57.    Defendant denies that he possessed the information that Plaintiff claims in Paragraph 57 that he knew; therefore, Defendant denies paragraph 57.

58.    Defendant denies paragraph 58.

59.    Defendant admits paragraph 59.

60.    Defendant admits paragraph 60.

61.    Defendant denies paragraph 61.

62.    Defendant denies paragraph 62.

63.    Defendant denies paragraph 63.

64.    Defendant denies paragraph 64.

65.    Defendant denies paragraph 65.

66.    Defendant denies that it is either responsible or liable to Plaintiff for any deprivation of Plaintiff's funds.

67.    Defendant denies paragraph 67.

68.    Defendant restates its Answer to paragraphs 1 through 67 of Plaintiff's Complaint and incorporates them by reference as though fully set forth herein.

69.     Defendant denies paragraph 69.

70.     Defendant denies paragraph 70.

71.     Defendant denies paragraph 71.

72.     Defendant denies paragraph 72.

73.     Defendant denies paragraph 73.

74.     Defendant denies paragraph 74

75.     Defendant denies paragraph 75.

X     76.     Defendant restates its Answer to paragraphs 1 through 67 of Plaintiff's Complaint and incorporates them by reference as though fully set forth herein.

77.     Defendant denies paragraph 77.

78.     Defendant denies paragraph 78.

79.     Defendant denies paragraph 79.

80.     Defendant denies paragraph 80.

81.     Defendant denies paragraph 81.

82.     Defendant denies paragraph 82.

83.     Defendant restates its Answer to paragraphs 1 through 67 of Plaintiff's Complaint and incorporates them by reference as though fully set forth herein.

84.     Defendant denies paragraph 84.

85.     Defendant denies paragraph 85.

86.     Defendant denies paragraph 86.

87.     Defendant denies paragraph 87.

88.     Defendant denies paragraph 88.

89.    Defendant restates its Answer to paragraphs 1 through 67 of Plaintiff's Complaint and incorporates them by reference as though fully set forth herein.

90.    Defendant admits paragraph 90.

91.    Defendant denies that it retained Plaintiff's funds "under circumstances that make retention inequitable."

92.    Defendant admits paragraph 92, except to the extent that Plaintiff admits receiving funds from Defendant.

93.    Defendant denies paragraph 93.

94.    Defendant denies that Plaintiff is entitled to a judgement or the relief that he has requested in paragraphs I, II, III, IV, V, and VI in the Prayer in Plaintiff's Complaint.

WHEREFORE, Defendant prays that the Court, after notice and hearing or trial, enter a judgment in its favor and deny the claims and causes of action asserted against them by Plaintiff in this lawsuit in their entirety and awarding Defendant its economic damages, attorneys' fees, expenses, costs, and such other and further relief to which it may be entitled at law or in equity. Further, Defendant prays for general relief.

Respectfully submitted,

SHAW LAW PLLC
5150 Broadway, PMB 619
San Antonio, Texas 78209

Telephone:    (210) 227-3737
Fax:          (210) 366-0805
E-mail:       attorney@shawlawpllc.com

By: _Ronald J. Shaw_____

Ronald J. Shaw
SBN 18152300

7

Attorney for Bajrami Group, Inc.

CERTIFICATE OF SERVICE

I certify that on March 19, 2026, a true and complete copy of the foregoing pleading was sent to Kenneth E. Chase, attorney for Daniel Austin, by e-service and e-mail to kchase@chaselaw.com..

*Ronald J. Shaw*

Ronald J. Shaw